UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HALPERN, | ) | CASE NO.: 1:11CV2055 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PERITEC BIOSCIENCES, LTD., et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' motion to reconsider and vacate the Court's order of remand. The motion is DENIED.

Initially, the Court rejects any notion that Defendants were entitled to 30 days to oppose the motion to remand. In support of this contention, Defendants rely upon *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001) for the proposition that a motion to remand is a dispositive motion. Defendants are correct that this is the holding in *Vogel*. However, the Court in *Vogel* was asked to determine whether a motion was dispositive in the context of 28 U.S.C. § 636(b)(1)(A), i.e., to determine whether a magistrate judge could properly resolve such a motion. "In determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation." *Vogel*, 258 F.3d at 514-15. This analysis has no application to the Court's local rules. *For the purposes of a briefing schedule*, there is no need to undertake any analysis. This Court, however, need not formally determine the

proper response period. Instead, the Court has fully considered the proposed opposition filed by Defendants. Defendants' opposition does not support reconsideration.

If anything. Defendants' opposition makes clear that remand is appropriate in this matter. First, Defendants admit as follows: "On February 11, 2011, when Plaintiff filed [this complaint], Plaintiff raised the issue of inventorship[.]" Doc. 7 at 8. Defendants also note that "Plaintiff raised the issue of inventorship in claims nearly factually identical to those in his federal lawsuit in [a prior complaint]." Doc. 7 at 7. According to Defendants, "[t]he issue of inventorship is then vigorously examined beginning on page thirteen (13) of [the complaint], where **Plaintiff titles an entire section of the Complaint "Facts Pertinent to *Inventure* and Patent Claims."** Doc. 7 at 7 (emphasis in original).

Defendants' argument appears to be that they were precluded from removing this action by the holding in *Halpern v. PeriTec Biosciences, Ltd.*, 383 Fed. Appx. 943 (Fed. Cir. 2010). *Halpern*, however, makes it clear that Defendants' removal was untimely. In fact, Defendants' position is particular egregious given that they took the exact opposite position in the original federal case cited above. In that matter, Defendants asserted that this Court properly dismissed the complaint for failure to state a claim upon which relief could be granted. In contrast, Plaintiff asserted that this Court should have dismissed the matter for lack of jurisdiction. In resolving the matter, the Federal Circuit noted as follows:

> Mr. Halpern's argument ignores the well-established distinction between a dismissal for lack of federal jurisdiction and a dismissal for failure to state a federal claim. When a party claims a right arising under federal law, the federal district court has jurisdiction to decide whether the plaintiff has a federal cause of action, and a decision that the plaintiff does not have a cause of action is a dismissal on the merits, not for lack of jurisdiction.

…

> In a recent case that is not materially distinguishable from this one, *we held that an inventorship claim involving pending patent applications raises a question of federal patent law*, but does not give rise to a private right of action that can be pursued in a district court. *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347, 1353-54 (Fed. Cir. 2010). Accordingly, we held that "while the district court has jurisdiction over the cause of action, it should have dismissed the claim under Rule 12(b)(6) because no private right of action exists." *Id.* at 1354. Applying that rule to this case, we hold that the district court correctly concluded that it had jurisdiction over the complaint and was not required to dismiss the complaint under Rule 12(b)(1) and Rule 12(h)(3).

*Halpern*, 383 Fed. Appx. at 946-947 (emphasis added).

Accordingly, *Halpern* makes clear that a claim for inventorship related to pending patent applications raises a question of federal law.[1] Moreover, district courts have jurisdiction over such complaints. The fact that such a claim would be subject to dismissal does not undermine the fact that this Court would have jurisdiction over such a claim. As the state-court complaint contained this federal claim at the time of filing, Defendants' removal was untimely.

Defendants' motion for reconsideration is DENIED. The Court's prior time frame for briefing the issue of attorney fees remains unchanged.

IT IS SO ORDERED.

Dated: November 21, 2011     ____/s/ Judge John R. Adams_____
                             JUDGE JOHN R. ADAMS
                             UNITED STATES DISTRICT COURT

---

[1] Defendants contend that "it would have been a Rule 11 violation to remove the identical case when the Federal Circuit Court said no federal claim was present on a pending patent." Doc. 7 at 9. However, the Federal Circuit held that no federal claim *upon which relief could be granted* was present. At the same time, that Court made it clear that federal jurisdiction had been properly invoked.